122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lee GIVENS, Petitioner-Appellant,
v.
Ernie ROE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55785.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 29, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-04410-R; Manuel L. Real, Chief Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Lee Givens, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for first degree murder. Givens contends the district court erred by denying him habeas relief on his claims that the prosecution's comments during closing argument resulted in (1) the "functional equivalent" of error under Griffin v. California, 380 U.S. 609 (1965) and (2) the violation of his due process rights by impermissibly shifting the burden of proof. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Givens contends that the prosecutor improperly commented on his failure to testify, call witnesses, or introduce evidence and in so doing committed the functional equivalent of Griffin error or impermissibly shifted the burden of proof thereby violating his due process rights. We disagree.
 
 
 4
 The Fifth Amendment prohibits the prosecution from commenting on a defendant's failure to testify. Griffin v. California, 380 U.S. 609, 615 (1965). A prosecutor may, however, comment on the defendant's failure to present exculpatory evidence, as long as the comments do not call attention to the defendant's failure to testify. See United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991). Thus, a "comment on the failure of the defense as opposed to the defendant to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's Fifth Amendment privilege." See id. In any event, "courts will not reverse when the prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as a basis of conviction, and is followed by curative instructions." Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1987); see also Turner v. Marshall, 63 F.3d 807, 817 (9th Cir.1995). Finally, with regard to general allegations of prosecutorial misconduct, we will reverse only if the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Turner, 63 F.3d at 817.
 
 
 5
 The district court properly concluded that the prosecutor's remarks did not amount to Griffin error. The prosecution stated that Givens had the right to testify, but did not comment on his failure to do so. See Lincoln, 807 F.2d at 809. Moreover, the comment was a single, isolated incident; all of the other statements by the prosecutor referred to "the defense" or "she," meaning defense counsel. See id.; see also Mares, 940 F.2d at 461 (noting that challenged portion of argument was expressly directed at defense counsel). In addition, the jury was instructed that no inference could be drawn from the defendant's failure to testify. See Mares, 940 at 461; Turner, 63 F.3d at 817. Accordingly, the district court properly denied Givens habeas relief on his claim of Griffin error. See Turner, 63 F.3d at 816-17.
 
 
 6
 Nor did the prosecutor's remarks impermissibly shift the burden of proof to Givens. Rather, she highlighted the weaknesses in Givens' case and asked the jury to consider that the defense did not rebut certain evidence presented by the prosecution. See Mares, 940 F.2d at 461; United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988). Furthermore, the prosecutor emphasized to the jury at the conclusion of challenged statements that the prosecution had the burden of proof. See Mares, 940 F.2d at 461. In addition, the trial court instructed the jury that counsel's arguments were not evidence and that the defendant was not required to call witnesses or prove his innocence. See id. (holding such instructions sufficient to cure any prejudice resulting from improper argument). Accordingly, the district court properly denied relief on Givens' claim that his due process rights were violated. See Turner, 63 F.3d at 818.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Givens' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Several of the government's arguments are based on provisions contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"). Because Givens filed his habeas corpus petition before the Act became effective, we do not base our denial of relief on any of its provisions. See Lindh v. Murphy, 1997 WL 338568 (U.S. June 23, 1997) (holding that Act does not apply retroactively to pending noncapital cases)